UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY HOWELL,

        Plaintiff,                            CASE NO. 06-CV-11841

-vs-                                             PAUL D. BORMAN
                                                   UNITED STATES DISTRICT JUDGE

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

      Before the Court is Defendant Michigan Department of Corrections' ("Defendant") September 14, 2007 Motion for Reconsideration of this Court's September 7, 2007 Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. (Doc. No. 17). Having considered Defendant's arguments, the Court does not find a "palpable defect" in its Order that would have lead to a different disposition of Defendant's summary judgment motion.

      Eastern District of Michigan Local Rule 7.1(g) provides the standards for a motion for reconsideration, and states:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997). "A trial court may grant reconsideration under Fed. R. Civ. P. 59(e) for any of four reasons: (1) because of an

1

intervening change in the controlling law; (2) because evidence not previously available has become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice." *Hayes v. Norfolk Southern Corp.*, 25 Fed. Apex. 308, 315 (6th Cir. Dec. 18, 2001) (unpublished). "A motion for reconsideration which merely presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich.1997).

Defendant has proffered the following "palpable defects" in the Court's Order:

1. Plaintiff failed to offer appropriate evidence that Defendant was an unusual employer that discriminates against the majority;

2. The Court discounted Defendant's recent hiring figures for wardens for the past four years, and Plaintiff failed to present statistical evidence in connection with his prima facie case;

3. Plaintiff offered no evidence that Dennis Schrantz's alleged comments had any impact on the specific warden hiring process at issue.

4. Plaintiff's poor interview performance explained his failure to get a warden position; and

5. Plaintiff produced no evidence to show that any of the members of the interview panel harbored any "discriminatory animus" toward Caucasians.

Defendant's arguments merely repeat its positions in the summary judgment briefing. *See Czajkowski*, 967 F. Supp. at 952. In short, the Court finds that none of Defendant's proffered "palpable defects" demonstrate that the Court and the parties were misled or that correcting the defect would lead to a different disposition of this case.

Therefore, the Court **DENIES** Defendant's Motion for Reconsideration.

**SO ORDERED**.

        s/Paul D. Borman  
        PAUL D. BORMAN  
        UNITED STATES DISTRICT JUDGE

Dated:  September 21, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 21, 2007.

        s/Denise Goodine  
        Case Manager